No. 24-13660-P

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

CAREY GRAYSON,

*Plaintiff-Appellant*,

v.

COMMISSIONER, ALABAMA DEPARTMENT
OF CORRECTIONS, ET AL.,

*Defendants-Appellees.*

_____

On Appeal from the United States District Court
for the Middle District of Alabama
No. 2:24-cv-376-RAH-KFP (Hon. R. Austin Huffaker)

_____

**REPLY BRIEF**
_____

JOHN ANTHONY PALOMBI
SPENCER J. HAHN
ERIC BROWN
KACEY L. KEETON
MATT SCHULZ
FEDERAL DEFENDERS FOR THE
MIDDLE DISTRICT OF ALABAMA
817 South Court Street
Montgomery, AL 36104
(334) 834-2099
John_Palombi@fd.org

*Counsel for Appellant*

**\*EXECUTION SET FOR NOVEMBER 21, 2024, AT 6 P.M. CENTRAL\***

*Grayson v. Commissioner, Ala. Dep't of Corr., et al.*
No. 24-13660-P

# CERTIFICATE OF INTERESTED PERSONS

Counsel of record for Appellant Carey Dale Grayson, in compliance with Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-1, certify these listed persons and parties may have an interest in the outcome:

1. Allen, Richard – former Commissioner, Alabama Department of Corrections, and respondent in federal habeas proceedings;

2. Alvis, W. Barry – counsel for Mr. Grayson at trial;

3. Armstrong, Honorable Robert R. - United States Magistrate Judge, Northern District of Alabama;

4. Billingsley, Michael B. - counsel for the State of Alabama on direct appeal;

5. Brasher, Honorable Andrew – solicitor general during prior lethal injection litigation and appeal proceedings;

6. Brown, Eric – counsel for Mr. Grayson in these proceedings;

7. Brown, Roger – counsel for the State of Alabama at trial;

8. Boudreaux, Scott – counsel for Mr. Grayson at trial;

9. Cochran, Don - counsel for the State of Alabama at trial;

10. Daniel, Tracey - counsel for the State of Alabama on direct appeal;

11. DeBlieux, Vicki Lynn - victim;

12. DeBlieux, Jan – victim's mother;

13. Freeman, Christine A. - counsel for Mr. Grayson in federal habeas proceedings;

14. Hahn, Spencer – counsel for Mr. Grayson in these proceedings;

15. Hamm, John – Commissioner, Alabama Department of Corrections and a Defendant in these proceedings;

16. Houts, James R. – counsel for the State of Alabama during state collateral proceedings;

17. Hughes, Beth Jackson – counsel for the State of Alabama in state post-conviction and Defendants in these proceedings;

18. Keeton, Kacey Leigh – counsel for Mr. Grayson in these proceedings;

19. Marshall, Steven T. – Alabama Attorney General and counsel for the State of Alabama during these proceedings;

20. Mann, Lann - counsel for the State of Alabama on direct appeal during state collateral proceedings;

21. McCormick, Honorable Michael W. - Jefferson County Circuit Court Judge, trial judge, and state collateral proceedings judge;

22. Palombi, John A. – counsel for Mr. Grayson in these proceedings;

23. Petersen, Michael - counsel for Mr. Grayson during state collateral proceedings and federal habeas proceedings;

24. Raybon, Terry – Warden of Holman Correctional Facility and a Respondent in these proceedings;

25. Proctor, Honorable David R. - United States District Judge, Northern District of Alabama;

26. Pryor, Honorable William - United States Appellate Judge, Eleventh Circuit Court of Appeals and former Attorney General for the State of Alabama and counsel for the State of Alabama on direct appeal;

27. Roberts, Jr., Jasper B. - counsel for Richard Allen in federal habeas proceedings;

28. Schulz, Matt – counsel for Mr. Grayson in federal habeas proceedings and these proceedings;

29. Smith, Leslie – counsel for Mr. Grayson during federal habeas proceedings;

30. Vinson, Virgina A. – counsel for Mr. Grayson on direct appeal.

Undersigned counsel certifies that, to the best of their knowledge, no publicly traded company or corporation has any interest in the outcome of this appeal.

Respectfully submitted,

/s/John Anthony Palombi
John Anthony Palombi

*Counsel for Appellant*

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ......................................................... C-1

ARGUMENT ................................................................................................................ 1

CONCLUSION ............................................................................................................. 5

CERTIFICATE OF COMPLIANCE ........................................................................... 6

CERTIFICATE OF SERVICE ..................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**

*Baze v. Rees*, 553 U.S. 35 (2008) .................................................................. 2, 3, 5

*Bucklew v. Precythe*, 587 U.S. 119 (2019) ............................................................. 2

*Duncan v. State*, 925 So. 2d 245 (Ala. Crim. App. 2005) ...................................... 1

*In re Kemmler*, 136 U.S. 436 (1890) .................................................................. 2, 3

*Loggins v. Thomas*, 654 F.3d 1204 (11th Cir. 2011) .............................................. 1

*Roper v. Simmons*, 543 U.S. 551 (2005) ................................................................ 1

*Wilkerson v. Utah*, 99 U.S. 130 (1878) .............................................................. 2, 3, 4

**Other Authorities**

Br. of the States of Alabama, Delaware, Oklahoma, Texas, Utah, and Virginia as *Amici Curiae* in Support of Pet'r, *Roper v. Simmons*, 543 U.S. 551 (2005), 2004 WL 865268 .. ............................................................................................................................... 1

**Constitutional Provisions**

U.S. Const. amend. VIII ..................................................................................... 2, 3

# ARGUMENT

Defendants have written a long brief, leading off with a sensationalistic, graphic, and wholly irrelevant description of the crime[1] for which, among four co-defendants, only Mr. Grayson faces execution.[2] A great deal of the rest reads like a *post-trial* appellate brief. But this appeal concerns the denial of Mr. Grayson's preliminary injunction motion (PI Motion). Where the District Court spent 22 pages on the PI Motion,[3] nine of which were analysis,[4] Defendants spend 31.[5] While Mr. Grayson adequately addressed much of the facts (and law) supporting his appeal from denial of the PI Motion in his opening brief and will not repeat himself here, this reply is necessary to

---

[1] Appellant's Br. at 3-4 (the section heading begins: "**Grayson Murders, Molests, and Mutilates Vicki Deblieux**") (emphasis in original).

[2] Two of his co-defendants—one at least as culpable and the other more so—were also sentenced to death. Both, including Kenny Loggins—who killed Ms. Deblieux by standing on her throat—had their death sentences reduced to life following *Roper v. Simmons*, 543 U.S. 551 (2005). *Loggins v. Thomas*, 654 F.3d 1204, 1206-07 (11th Cir. 2011); *Duncan v. State*, 925 So. 2d 245, 252 (Ala. Crim. App. 2005). Mr. Loggins has a life without parole sentence, while Mr. Duncan is eligible for parole. In an amicus brief in *Roper*, the State of Alabama argued, "[A]n arbitrary 18-year-old cut-off would result, nonsensically, in a constitutional rule permitting capital punishment for Grayson, who was 19 at the time, but not for Loggins and Duncan, both of whom were 17 but plainly are *every bit as culpable—if not more so*[.]"  Br. of the States of Alabama, Delaware, Oklahoma, Texas, Utah, and Virginia as *Amici Curiae* in Support of Pet'r, *Roper v. Simmons*, 543 U.S. 551 (2005), 2004 WL 865268, at *10 (emphasis added).

[3] ECF No. 95 at 32-52. It devoted 19 pages to the motion to dismiss. *Id.* at 12-31.

[4] *Id.* at 43-52.

[5] Appellant's Br. 19-50. The final 2 ½ pages argue against relief they acknowledge the District Court did not rule on and Mr. Grayson hasn't sought. *Id.* at 50-52.

1

address Defendants' misunderstanding of the Eighth Amendment.

At its heart, Defendants' position is that even if nitrogen hypoxia involves conscious suffocation, it is okay because it only causes psychological terror. Because the District Court got *Baze v. Rees*[6] and the Eighth Amendment wrong, and Defendants have not persuasively defended that reasoning, this Court should remand for entry of a preliminary injunction and trial on the merits.

First, Defendants assert, "[T]he Supreme Court has specifically rejected the idea of a 'list' of methods 'categorically off-limits,'" and "Grayson has no legal support—not a single decision deeming a method to be unconstitutional based on a *per se* rule without any showing of pain."[7] As for the former, apart from *Baze* (and the Eighth Amendment), Mr. Grayson notes the Supreme Court recognized just such a rule nearly 150 years ago in *Wilkerson v. Utah*.[8] And, to the extent Defendants' argument is that physical pain is a prerequisite to an Eighth Amendment methods of execution claim, the latter is at odds with the plain text of the Eighth Amendment, which prohibits

---

[6] 553 U.S. 35 (2008) (plurality).

[7] Appellee's Br. at 21 (citing *Bucklew v. Precythe*, 587 U.S. 119, 136, 137 (2019)) (footnote omitted).

[8] 99 U.S. 130 (1878); *see also In re Kemmler*, 136 U.S. 436, 446-47 (1890) ("[I]f the punishment prescribed for an offense . . . were manifestly cruel and unusual as burning at the stake, crucifixion, breaking on the wheel or the like[] it would be the duty of the courts to adjudge such penalties to be within the [New York state] constitutional prohibition" and would be "equally true of the eight[h] amendment.").

2

inflicting "cruel and unusual punishments"[9] not "unnecessarily physically painful punishments."[10]

In *Wilkerson*, the Court noted that, although "[d]ifficulty would attend the effort to define with exactness the extent of the" Eighth Amendment's prohibition on cruel and unusual punishments, methods including "where the prisoner was drawn or dragged to the place of execution," "emboweled alive, beheaded, and quartered," "public[ly] dissect[ed]," or "burn[ed] alive . . . and all others in the same line of unnecessary cruelty[] are forbidden by that amendment to the Constitution."[11]

Defendants' second and third arguments are: *Baze*'s discussion of conscious suffocation—induced by the paralytic—was (distinguishable) *dicta*;[12] and "the rest of the Supreme Court's method-of-execution caselaw confirms that pains much greater than Grayson's alleged psychological stress still do not render a method unconstitutional."[13] They merit the same response: the Eighth Amendment, as interpreted in *Baze* and *Wilkerson*, prohibits the terror of unnecessarily consciously

---

[9] U.S. Const. amend. VIII.

[10] *See, e.g.*, *Wilkerson*, 99 U.S. at 135 (describing unacceptable methods as involving "other circumstances of *terror*, pain, or disgrace [that] were sometimes superadded") (emphasis added).

[11] *Id.* at 135. In the century and a half since *Wilkerson* was decided, the Supreme Court has repeatedly cited its "terror, pain, or disgrace" language in methods of execution cases. *See, e.g.*, *Kemmler*, 136 U.S. at 446-47; *Baze*, 553 U.S. at 48.

[12] Appellee's Br. at 22-23.

[13] *Id.* at 23 (citations omitted).

3

suffocating a person for several minutes—whether caused by a drug or cutting off breathing air.[14]

The fourth argument is nonsensical: "Grayson has admitted in this very case that a method involving conscious suffocation can be constitutional."[15] Just because *a* method that does not superadd "terror, pain, or disgrace"[16] can be constitutional does not mean all iterations of that method, including one that *does* superadd terror, are constitutional. To hold otherwise would mean no one could challenge any lethal injection method if that person advanced a lethal injection alternative. Moreover, Defendants recognized that a person who opted in to nitrogen hypoxia five years before the protocol was announced could challenge its constitutionality.[17]

When Defendants' distractions are brushed aside, the basic question remains: may a State suffocate a conscious prisoner when that conscious suffocation is unnecessary to accomplish the execution? Under Supreme Court precedent, the answer

---

[14] *See, e.g., Wilkerson*, 99 U.S. at 135 (describing unacceptable methods as involving "other circumstances of *terror*, pain, or disgrace [that] were sometimes superadded") (emphasis added).

[15] Appellee's Br. at 23 (citing ECF No. 1 at ¶ 101).

[16] *Wilkerson*, 99 U.S. at 135.

[17] *See, e.g.*, ECF No. 95 at 25 (rejecting Defendants' estoppel argument because "[w]hen Grayson elected execution by nitrogen hypoxia in his previous litigation, the current nitrogen hypoxia protocol did not exist. And when he signed the nitrogen hypoxia opt-in form, he expressly reserved the right to challenge the constitutionality of any subsequently issued nitrogen hypoxia protocol."). This also addresses Defendants' fifth argument: estoppel. Appellee's Br. at 24.

is no, regardless of method.

## CONCLUSION

This Court should remand for entry of an injunction until a trial on the merits is complete. Alternatively, this Court should remand for the District Court to reconsider the motion for preliminary injunction under the correct reading of *Baze*.

Respectfully submitted,

/s/John Anthony Palombi
John Anthony Palombi
John_Palombi@fd.org

/s/Spencer J. Hahn
Spencer J. Hahn
Spencer_Hahn@fd.org

/s/Eric Brown
Eric Brown
Eric_Brown@fd.org

/s/Kacey L. Keeton
Kacey Leigh Keeton
Kacey_Keeton@fd.org

/s/Matt D. Schulz
Matt D. Schulz
Matt_Schulz@fd.org

Federal Defenders for the
Middle District of Alabama
817 S. Court Street
Montgomery, Alabama 36104
(334) 834-2099

*Counsel for Carey Grayson*

5

## CERTIFICATE OF COMPLIANCE

I certify this document follows the word limit requirements of the Federal Rule of Appellate Procedure 32(g) because it consists of 1,145 words, as calculated by a word processing program.

This document follows the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Garamond font.

/s/ John A. Palombi  
John A. Palombi

## CERTIFICATE OF SERVICE

I certify that, on November 14, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record.

/s/ John A. Palombi
John A. Palombi